UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCUAL FRANCISCO-PASCUAL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 09-CR-04151 W<br>13-CV-1645<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. 68] AND CERTIFICATE OF APPEALABILITY |

Petitioner Pascual Francisco-Pascual ("Petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "Motion"). The United States of America ("Respondent") opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d)(1). For the reasons discussed below, the Court **DENIES** Petitioner's motion. (*See Mot.* [Doc. 68].)

//
//
//
//
//

## I. BACKGROUND

On November 18, 2009, a one-count Indictment was filed in the Southern District of California, charging Petitioner with violations of 8 U.S.C. § 1326 (a) and (b). (*Opp'n* [Doc. 76] at 1:24-26.) Prior to trial, Petitioner was offered a plea deal of 57 months, which he subsequently refused. On August 11, 2010, a jury found Petitioner guilty on all charges. (*Opp'n.* at 2:1-2.) On January 12, 2011, this Court sentenced Petitioner to a term of 77 months in prison. (*Mot.* [Doc. 68] at 2.)

On July 12, 2013, Petitioner filed the Motion, claiming ineffective assistance of counsel. Respondent opposes the Motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under section 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). But this remedy does not encompass all claimed errors in conviction and sentencing. Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

### III. DISCUSSION

Petitioner argues that he is entitled to vacate, set aside, or correct his sentence due to ineffective assistance of counsel. Respondent contends that Petitioner fails to establish the elements of an ineffective-assistance-of-counsel claim due to lack of factual support. (*Opp'n* at 6.)

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction. First, petitioner must show that counsel's performance was deficient. Id. at 687. This prong requires petitioner to demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." Id. In other words, petitioner must demonstrate that counsel's representation fell below an *objective* standard of reasonableness, considering all the circumstances presented in a particular case. Id. at 688. The Supreme Court further elaborated that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 699.

Strickland's second prong requires petitioner to prove that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In order to prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. Id. Otherwise stated, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's defective assistance, the result of the proceeding would have been different. Id. at 694.

Petitioner argues that his counsel's ineffectiveness arose from (1) advising him proceed to trial in the face of overwhelming evidence of his guilt and without any viable defense; and (2) advising him to decline the plea while failing to visit him more than twice during the pretrial stage. (*Pet'r's Resp.* at 5.) The Court is not persuaded by either argument.

### A. <u>Unviable Defense Strategy</u>

Petitioner contends that his counsel was ineffective by advising him to proceed to trial despite overwhelming evidence against him and the lack of a viable defense strategy. (*Mot.* at 6.) Specifically, Petitioner states that counsel assured him that he would prevail at trial even though he had admitted his Mexican citizenship, lacked proper documentation, and illegally entered the United States. (*Id.* at 10-11.) Petitioner argues that, because of these admissions, his counsel lacked a viable defense strategy at a trial that was functionally impossible to win. (*Id.* at 11.)

To succeed on the claim, Petitioner must provide specific facts showing that his attorney "failed to properly inform him of the risks and benefits of proceeding to trial." <u>United States v. Torres-Castillo</u>, Case No. 09-1099-WQH, 2010 WL 30573345, *3 (S.D. Cal. Aug. 2, 2010) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985)). Accordingly, it is insufficient for Petitioner to simply identify facts or evidence that hurt his defense strategy. Instead, Petitioner's facts must indicate that he was unaware of the risks and benefits of proceeding with trial. Petitioner does not allege that he was unaware of the facts listed above before going to trial, or that his counsel otherwise failed to properly inform him of the risks and benefits of proceeding to trial. (*See Mot.*; *See Pet'r's Resp.*) Where there are no specific facts to support ineffective assistance of counsel, habeas relief is not warranted. <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994).

In this case Petitioner has failed to provided any specific factual support to overcome the "strong presumption that [defense] counsel's conduct fell within the wide range of reasonable representation." <u>Torres-Castillo</u>, 2010 WL 3057345, at *2 ( citing <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1986). Thus habeas relief is inappropriate.

### B. <u>Rejection of the Plea Bargain</u>

Petitioner also claims that his counsel was ineffective by advising "Petitioner to proceed to trial and reject a favorable plea." (*Mot.* at 6.) Specifically, Petitioner states

1 | that, prior to trial, counsel advised him to reject a plea bargain for 57 months that he
2 | was willing to sign. (*Id.* at 10.) Despite only visiting twice during the pretrial stage,
3 | counsel was able to convince Petitioner to reject the plea bargain and proceed to trial.
4 | (*Id.*) Petitioner contends that, in light of his sentence of 77 months, counsel's advice
5 | warrants habeas relief. (*Id.*)

6 | Even if the ensuing trial is fair, a court may find ineffective assistance when
7 | counsel advises the petitioner to reject a favorable plea offer. Lafler v. Cooper, 132
8 | S.Ct. 1376, 1384-85 (2012). When reviewing an ineffective-assistance-of-counsel claim
9 | based on rejection of a favorable plea offer, the court "must determine, first, whether
10 | the [Petitioner] has identified material, specific errors and omissions that fall outside
11 | the wide range of professionally competent assistance." United States v. Molina, 934
12 | F.2d 1440, 1447 (9th Cir. 1991)(internal quotation marks omitted). That Petitioner
13 | would like to have met with counsel more is not by itself a specific fact sufficient to
14 | support a claim that defense counsel's conduct was objectively unreasonable. United
15 | States v. James, Case No. 92016131, slip op. at 2 (9th Cir. Oct. 12, 1993).

16 | Furthermore, Petitioner relies upon United States v. Blaylock to assert that an
17 | evidentiary hearing is required "where allegations were not refuted by the record and,
18 | if proven, would entitle petitioner to relief." (*Pet'r's Resp.* at 5.) The present case is
19 | distinguishable because, unlike Blaylock, Petitioner was aware of the Government's plea
20 | deal when he made his decision to proceed to trial. (*Mot.* at 10.)

21 | Petitioner has made it clear that he is unhappy with his sentence, but has failed
22 | to allege any specific facts that show his attorney "failed to properly inform him of the
23 | risks and benefits of proceeding to trial." Torres-Castillo, 2010 WL 3057347, at *3
24 | (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). Without this, there is no ineffective
25 | assistance of counsel in the present case. Since Petitioner has provided no support to
26 | overcome the strong presumption that his counsel provided reasonable and professional
27 | assistance, the Court finds his argument lacks merit.
28 |

1  IV.  **CONCLUSION & ORDER**

2       In light of the foregoing, the Court **DENIES** Petitioner's § 2255 motion to
3  vacate, set aside, or correct his sentence. [Doc. 68.]  And because reasonable jurists
4  would not find the Court's assessment of the claims debatable or wrong, the Court
5  **DENIES** a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484
6  (2000).  The Clerk of the Court shall close the district court file.

8       **IT IS SO ORDERED**.

10  DATED: May 22, 2014

12                                      Hon. Thomas J. Whelan
                                        United States District Judge